UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PERRY MAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:06CV129 HEA |
| ) | |
| PRATT INDUSTRIES (USA) INC., ) | |
| and SIGNATURE PACKAGING ) | |
| & PAPER, LLC, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion to Remand, [Doc. No. 6]. Defendant Pratt Industries opposes the motion. For the reasons set forth below, the motion is denied.

Plaintiff filed this action against defendants in the Circuit Court of Stoddard County, Missouri, against Pratt for alleged retaliatory discharge; breach of contract and covenant of good faith and promissory estoppel. Plaintiff's action against

defendant Signature is for an alleged tortious interference with a business relationship. The claims against Pratt seek damages well in excess of the Court's diversity jurisdictional amount; the claim against Signature does not.

Plaintiff moves for remand arguing that because the claim against Signature specifically seeks damages in an amount <u>not</u> in excess of $75,000, the Court lacks jurisdiction over the entire matter. Plaintiff's argument is misplaced. In *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, ___ U.S. ___, 125 S.Ct. 2611 (2005), the Supreme Court concluded that so long as "the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim." *Id.* at 2620. Under 28 U.S.C. § 1367, if a district court has original jurisdiction over some claims in a civil action, supplemental jurisdiction covers "all other claims that are so related to claims in the action ... that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Under the plain language of the supplemental jurisdiction statute and *Exxon Mobil,* this Court must deny remand if any of plaintiff's claims satisfies the jurisdictional amount. It is clear from plaintiff's complaint that the claims against Pratt well exceed the jurisdictional amount. As such, the Court has diversity

jurisdiction over the claims against Pratt.

Furthermore, because the claim against Signature arises out of the same case or controversy as those against Pratt, the Court will exercise supplemental jurisdiction in accordance with 28 U.S.C. § 1367 as to that claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand, [Doc. No. 6], is denied.

Dated this 19th day of October, 2006

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE